STATE OF IOWA, Appellee, v. JOE BERTINELLI, Appellant.

INTOXICATING LIQUORS: Possession of Liquors—Presumption.
1   The finding of intoxicating liquors in unusual quantities in a private dwelling house of a person *not* keeping a tavern, etc.,

raises no presumption of illegal sale or keeping for sale. (Sec. 2427, Code, 1897. But now, see Ch. 323, Acts 37 G. A.)

**CRIMINAL LAW:** Presumption and Burden of Proof. The presump-
2 tion of illegal sale or keeping for sale which the law indulges from the fact that intoxicating liquors are found in unusual quantities in the defendant's residence, etc., does not justify an instruction that the jury must convict unless the *accused* overcomes the presumption.

**WITNESSES:** Bad Reputation—Time and Place of Acquiring. A
3 witness who for eight months preceding the trial, has resided in a populous locality, and has, apparently, acquired no reputation therein, may be impeached by a showing of his bad reputation at a time eight months preceding the trial, in the locality where he then resided.

*Appeal from Polk District Court.*—CHARLES HUTCHINSON,
Judge.

JUNE 24, 1918.

THIS is a prosecution for maintaining a liquor nuisance. There was a verdict of guilty, and the defendant appeals.
—*Reversed.*

*Miller & Wallingford,* for appellant.

*H. M. Havner,* Attorney General, *Ward Henry,* County *Attorney, Arthur T. Wallace, Arthur G. Rippey,* and *Louis B. Cohen,* Assistant County Attorneys, for appellee.

EVANS, J.—Seventeen bottles of beer and a quart bottle partly filled with whiskey were found in the residence of the defendant. This seizure is the foundation of the prosecution. Beyond the fact of this seizure, the

1. INTOXICATING LIQUORS: possession of liquors: presumption.

evidence of guilt was meager. The defendant is an Italian. He claimed to have obtained and kept the whiskey for hospital purposes only, and that he had the beer for family use. One member of his family, a brother-in-law, was bedridden at the home for many weeks, because of personal injury consisting

of a broken back. It was claimed that the beer was used habitually by the family with meals, in lieu of tea or coffee. There was evidence of one Kegley that, on two occasions, he had bought beer from the defendant in his kitchen. This was denied by the defendant and by other members of his family. The trial court gave the following instructions:

"The statutes of this state further provide that 'the finding of intoxicating liquors in unusual quantities in a private dwelling house in the possession of one not legally authorized to sell or use the same shall be presumptive evidence that such liquors were kept for illegal sale.' And you are instructed that in this case the defendant was not legally authorized to sell intoxicating liquors, and was not authorized to use the same except for his own personal consumption. And if you should find, beyond a reasonable doubt, that intoxicating liquors were found upon the premises in question in unusual quantities, considering all the circumstances of the case, then the law raises a presumption that such liquors were kept by the defendant for illegal sale, which presumption must be overcome by the defendant before you can return a verdict of not guilty. And if you do find that intoxicating liquors were found upon the premises in unusual quantities, considering all the facts and circumstances in the case, then, unless the defendant has overcome the presumption raised against him, it will be your duty to find him guilty as charged."

Error is assigned on this instruction. It is defended by the State in that it is predicated upon Code Section 2427, and that it presents a correct construction of such section. Section 2427 contains the following:

"Or the finding of the same in unusual quantities in a private dwelling house or its dependencies of any person keeping a tavern, public eating house, grocery, or other place of public resort, shall be presumptive evidence that such liquors are kept for illegal sale."

It is undisputed that the defendant did not come within any of the classes above specified. The offense charged antedates the enactment of Chapter 323 of the Acts of the Thirty-seventh General Assembly. We think the instruction does not present a correct construction of Section 2427. Indeed, we see no ambiguity in the statute. If there were any, we have already construed it in *True v. Hunter,* 174 Iowa 442. The instruction was clearly erroneous at this point.

The instruction was erroneous, also, in the rule of burden of proof announced by it. It laid upon the defendant the burden of overcoming a presumption, before a verdict of "not guilty" could be rendered. Under the law, burden of proof of guilt is, at all times, upon the State. It may have the aid of "presumptive evidence" to that end, but it does not thereby escape the burden of proof. If, under all the evidence in the case, including proper presumptions, the jury has a reasonable doubt of the guilt of the defendant, it must acquit; and this is so even though it may have a reasonable doubt of the innocence of the defendant. It is immaterial, in such a case, whether the reasonable doubt arises out of the evidence for the State or out of the evidence for the defendant. The effect of the instruction was to require the defendant, as a condition to his acquittal, to prove affirmatively that the liquors were not kept for illegal sale. If, under all the evidence, the jury had a reasonable doubt of the intent to sell, the defendant was entitled to acquittal.

2. CRIMINAL LAW: presumption and burden of proof.

In view of a new trial, it seems to us unnecessary to deal with other questions presented. The most important one pertains to a question of impeachment of the witness Kegley, and the rejecting of evidence offered by the defendant to that end. Even if we were to hold that the evidence rejected by the court because of the change of residence of Kegley since the knowledge of his reputation was acquired

3. WITNESSES: bad reputation: time and place of acquiring.

by the witnesses, should have been received, it would not follow that the same evidence would be admissible in the next trial. Sufficient to say that we are impressed that the trial court held a pretty tight rein on the defendant in his offer of proof of the general reputation of Kegley. Where a witness has acquired a bad reputation in a community or communities which are not centers of large population, and thereafter moves to a large city, where the reputation of an ordinary person is not rapidly acquired, it should not be said that evidence of the bad reputation of the witness in the community of his residence eight months before the trial, is too remote for consideration.

For the error contained in the instruction above, the judgment below is—*Reversed and remanded.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.